IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Theresa Lemacks,<br><br>                    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue,<br>Commissioner of Social Security,<br><br>                    Defendant.<br>_____ | Civil Action No. 8:07-2438-RBH-BHH<br><br><br><br>**REPORT AND RECOMMENDATION**<br>**OF MAGISTRATE JUDGE** |

This case is before the Court for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), D.S.C., concerning the disposition of Social Security cases in this District, and Title 28, United States Code, Section 636(b)(1)(B).[1]

The plaintiff, Theresa Lemacks, brought this action pursuant to Section 205(g) of the Social Security Act, as amended, (42 U.S.C. Section 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security Administration regarding her claim for Disability Insurance Benefits ("DIB") under the Social Security Act.

**RELEVANT FACTS AND ADMINISTRATIVE PROCEEDINGS**

The plaintiff was 47 years old as of the date of her amended alleged onset date, and 51 years old as of the Administrative Law Judge's (ALJ) decision. (R. at 23-24, 181.) She has a high school equivalent education (R. at 181), and has worked as a cardiac monitor technician, greeting card merchant, housekeeper, clothing tagger, and sewing machine operator. (R. at 66-67, 97-98, 195-96.) She claims she became disabled on January 31, 2003 (onset date amended at the hearing), due to fibromyalgia, scoliosis of the lumbar spine with osteoarthritis, osteoarthritis of the knees, and depression. (R. at 23-24, 69.)

---

[1] A report and recommendation is being filed in this case, in which one or both parties declined to consent to disposition by the magistrate judge.

The plaintiff filed her application for DIB on July 26, 2004. (R. at 23-24.)  The plaintiff's application was denied initially and upon reconsideration. (R. at 23-24, 46-48, 51-55.)  At the plaintiff's request, an ALJ conducted a hearing on December 7, 2005, at which plaintiff, her attorney, and a vocational expert were present.  (R. at 176-201.)  On September 27, 2006, the ALJ issued an unfavorable decision, finding the Plaintiff was not disabled. (R. at 8-21.)  The Appeals Counsel denied Plaintiff's request for review  (R. at 4-7),  thereby making the ALJ's decision the Commissioner's final decision for purposes of judicial review.

The ALJ made the following findings:

1.  The claimant meets the insured status requirements of the social Security Act through December 31, 2008.

2.  The claimant has not engaged in substantial gainful activity since January 31, 2003, the alleged onset date (20 CFR §§ 404,1520(b) and 404.1571 *et seq.*).

3.  The claimant has the following severe impairments: fibromyalgia; scoliosis of the lumbar spine with osteoarthritis; osteoarthritis of bilateral knees; and depression (20 CFR § 404.1520(c))..

4.  The claimant does not have an impairment of combination of impairments that meets or medically equals one fo the listed impairments in 20 CFR Part 202, Subpart P, Appendix 1 (20 CFR §§ 404.1520(d), 404.1525 and 404.1526).

5.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry items weighing 10 pounds frequently and 20 pounds occasionally, and to sit, stand, and walk, each, for 6 hours in an 8-hour day with the following additional limitations: to have a sit-stand option for 20 minutes at a time; to push and pull frequently with her lower extremities; to climb (including ladders, scaffolds, and ropes), balance, stoop, kneel, crouch, and crawl occasionally; and to perform detailed, but not complex, work.

6.  The claimant is unable to perform any past relevant work (20 CFR § 404.1565).

7.  The claimant was born on April 6, 1955 and was 47-years-old on the allged disability onset date, which is defined as a younger individual agt 45-49 (20 CFR § 404.1563).

8   The claimant has at least a high school education and is able to communicate in English (20 CFR § 404.1564).

9.  The claimant has acquired work skills from past relevant work (20 CFR § 404.1568).

2

10. Considering the claimant's age, education, work experience, and residual functional capacity, the claimant has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy (20 CFR §§ 404.1560(c), 404.1566, and 404.1568(d)).

11. The claimant has not been under a "disability," as defined in the Social Security Act, from January 31, 2003 through the date of this decision (20 CFR § 404.1520(g)).

## **APPLICABLE LAW**

The Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are under a "disability." 42 U.S.C. §423(a). "Disability" is defined in 42 U.S.C. §423(d)(1)(A) as:

> the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for at least 12 consecutive months.

42 U.S.C. §423(d)(1)(A).

To facilitate a uniform and efficient processing of disability claims, the Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must consider whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an illness contained in the Social Security Administration's Official Listings of Impairments found at 20 C.F.R. Part 4, Subpart P, App. 1, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing substantial gainful employment. *See* 20 C.F.R. §404.1520. If an individual is found not disabled at any step, further inquiry is unnecessary. *See Hall v. Harris*, 658 F.2d 260, 264 (4th Cir. 1981).

A plaintiff is not disabled within the meaning of the Act if he can return to past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. Social Security Ruling ("SSR") 82–62. The plaintiff bears the burden of establishing his inability to work within the meaning of the Act. 42 U.S.C. §423(d)(5). He

must make a prima facie showing of disability by showing he is unable to return to his past relevant work. *Grant v. Schweiker*, 699 F.2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to his past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy which the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. *Id.*

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. *Richardson v. Perales*, 402 U.S. 389 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a *de novo* review of the evidence and requires the court to uphold the Commissioner's decision as long as it is supported by substantial evidence. *See Pyles v. Bowen*, 849 F.2d 846, 848 (4th Cir. 1988) (citing *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "supported by substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

*Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir.1966). Thus, it is the duty of this court to give careful scrutiny to the whole record to assure that there is a sound foundation for the Commissioner's findings, and that her conclusion is rational. *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

**DISCUSSION**

The plaintiff contends that the ALJ erred in failing to find her disabled. Specifically, the plaintiff alleges that the ALJ erred in (1) failing to consider the combined effects of her impairments; (2) failing to accord the opinion of her treating physician controlling weight; and (3) failing to properly assess her subjective complaints of pain. The Court will address each alleged error in turn.

**I.    COMBINATION OF IMPAIRMENTS**

The plaintiff first contends that the ALJ failed to consider the combined effects of all of her impairments. The Court easily agrees.

When a claimant suffers from multiple impairments, the ALJ must consider their combined effect in determining whether the claimant is disabled. *See Walker v. Bowen,* 889 F.2d 47, 50 (4th Cir. 1989); *Hicks v. Gardner*, 393 F.2d 299, 301 (4th Cir. 1968). Congress has explicitly required that "the combined effect of all the individual's impairments" be considered, "without regard to whether any such impairment if considered separately" would be sufficiently severe. 42 U.S.C. § 423(d)(2)(c); *see also Hines v. Bowen*, 872 F.2d 56, 59 (4th Cir.1989). As an important "corollary to this rule, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." *Walker*, 889 F.2d at 50.

In *Walker,* the Fourth Circuit remanded the plaintiff's claim because the ALJ failed to adequately consider and explain his evaluation of the combined effects of the claimant's impairments. *See id*. at 49-50. The ALJ found that the claimant suffered from several ailments and noted the effect or non-effect of each impairment separately. *See id.* The ALJ summarily concluded that "the claimant did not have an impairment or combination of impairments listed in, or medically equal to, one listed in Appendix 1, Subpart P, Reg. No. 4.' *Walker*, 889 F.2d at 49. The Fourth Circuit rejected this conclusion as inadequate because the ALJ neither analyzed nor explained his evaluation of the cumulative effect of the claimant's impairments. *See Id.* at 49-50.

The ALJ's decision regarding the combined effects of the plaintiff's impairments, in this case, is identical to that in *Walker*. In a single conclusory statement the ALJ states that "the claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 . . . ." (R. at 15.) The Fourth Circuit, in *Walker*, expressly held that such a "finding in itself, however, is not sufficient to foreclose disability." *Walker*, 889 F.2d at 50.

While the ALJ proceeded to thoroughly discuss each of the plaintiff's severe impairments, in this case, he "simply noted the effect or noneffect of each and found that the claimant could perform light . . . work," *Walker*, 889 F.2d at 50. (R. at 16-17.) Specifically, the ALJ progressed through each severe impairment individually, treating each in separate paragraphs, examining relevant evidence and ascribing functional limitations reasonably produced. *Id*. At no point does the ALJ make any conclusion about the corporate or compounding effect these impairments might have on the plaintiff's functional limitations, viewed together. The court in *Walker*, faced with the exact same treatment by the ALJ, found such treatment "fragmentize[d]" and remanded the case for "proper consideration." *Walker*, 889 F.2d at 50.

The Court is aware that the structure of the ALJ's analysis in this case is not uncommon. Most decisions reviewed by the Court profess to consider the combined effects of a claimant's impairments, while actually analyzing each impairment separately. The ALJs may, in fact, be considering the combined effect, but analysis reflecting such consideration is seldom expressly included. *Walker* requires adequate explanation and evaluation, *see id.*; in its absence, judicial review cannot be had. These decisions commit precisely the error rejected in *Walker*, and when a claimant brings them to the attention of the Court, they cannot be ignored. As recently as this year, this district has reaffirmed its commitment to enforcing the requirements of *Walker* that the ALJ make express his treatment of the combined effects of all impairments. *See Alonzeau v. Astrue*, 2008 WL 313786, at *3 (D.S.C. Feb. 01, 2008).

Therefore, on remand, the ALJ should examine the combined effect of all of the plaintiff's impairments, severe and non-severe, and explain why he considers that combined effect disabling or not.

## II.   TREATING PHYSICIAN

The plaintiff next complains that the ALJ failed to give the opinion of her treating physician proper weight. The only specific error alleged by the plaintiff is the ALJ's dismissive treatment of Dr. Wendy Lee's statement in a letter that the plaintiff "apparently has not made any improvement and is unable to work." (R. at 139.) The ALJ concluded that the word "apparently" implied that Dr. Lee's conclusion was based on the subjective representations of the plaintiff. Critically, however, the ALJ also noted that he was under no obligation to accept Dr. Lee's opinion as to the actual disability determination, a decision reserved for the Commissioner. In this regard, the ALJ was absolutely correct.

Statements that a patient is "disabled" or "unable to work" or meets the Listing requirements or similar statements are not medical opinions. These are administrative findings reserved for the Commissioner's determination. *See* SSR 96-2p. Moreover, the ALJ found that the RFC he ascribed the plaintiff was "for the most part, consistent with [Dr. Lee's] limitations for the claimant to avoid concentration, heavy lifting, pushing, or repetitive activities." (R. at 18.) The plaintiff has not contested this conclusion. Accordingly, the Court finds no error with the ALJ's treatment of Dr. Lee's opinions.

## III.   The Plaintiff's Credibility

Lastly, the plaintiff argues that the ALJ failed to properly assess her subjective complaints of pain. Specifically, the plaintiff complains that the ALJ "cherry-picked" the evidence, focusing on things unfavorable to the plaintiff's claim to the exclusion of those which were favorable. The plaintiff accuses the ALJ further of mischaracterizing even the evidence upon which he relied. To be precise, the plaintiff believes that the ALJ overstated the plaintiff's activities of daily living.

As an initial matter, the ALJ properly applied the two-step process for analyzing the plaintiff's subjective testimony as prescribed in *Craig v. Chater*, 76 F.3d 585, 593 (4th Cir. 1996). The ALJ first determined that the plaintiff suffered from an impairment capable of producing some of the symptoms alleged but then concluded that the intensity, persistence and functionally limiting effects of such pain was not fully consistent with the plaintiff's own representations. (R. at 18.)

To that end, the ALJ rejected the plaintiff's testimony that she would have to sit 8 hours per day and stay in bed all the next day because there was evidence that she could perform varied activities requiring prolonged stamina, including cooking, cleaning the kitchen, dusting, doing laundry, sweeping, attending church 7 times per month, driving 3 times per week, sewing, crocheting, and socializing with friends. (R. at 18.)

In opposition, the plaintiff cites to pages 78, 88, and 90 of the record as accurate reflections of the actual extent to which the plaintiff can perform the above activities. For example, the plaintiff emphasizes that while the record does state that she drives the medical records also reflect that she "has forgotten where she was going occasionally." (R. at 78.) The plaintiff complains that the ALJ, in every instance, made it appear by his description that the plaintiff is capable of doing more than she actually is.

The Court has reviewed the record, as highlighted by the plaintiff and will not recount it all here. The Court agrees that the plaintiff would be justified in interpreting the evidence differently but disagrees that the ALJ mischaracterized it. Reasonable minds might draw distinct conclusions from the records at issue. But, the Court may not simply reweigh the evidence. The ALJ was thorough in his consideration and cited substantial evidence for concluding that evidence of her daily activities undermined her testimony concerning her ability to work (R. at 18, 99-102, 187-88, 190-94). The fact that the plaintiff can produce conflicting evidence or a conflicting interpretation, which might have resulted in a contrary result, is of no moment. *See Blalock*, 483 F.2d at 775.

The plaintiff also contends that the ALJ failed to consider the side effects of the plaintiff's medications. The ALJ, however, is not required to provide a written evaluation of every piece of evidence, but need only "minimally articulate" his reasoning so as to "make a bridge" between the evidence and his conclusions. *Fischer v. Barnhart*, 129 Fed. Appx. 297, 303 (7th Cir. 2005) (citing *Rice v. Barnhart*, 384 F.3d 363, 371 (7th Cir.2004)); *see also Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000) ("ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered") (citations omitted). As stated, the ALJ provided a fairly comprehensive discussion of his credibility determination and the plaintiff's arguments concerning drowsiness caused by her medication do not provide a basis to conclude that the ALJ's decision in this respect was not based on substantial evidence.

In that same regard, the plaintiff complains that the ALJ did not consider the lay witness testimony of a Ms. Maureen Mobley. Simply because there is no express discussion in the decision, does not mean the testimony was not considered. The Fourth Circuit, however, has held that "descriptions of friends and family members who were in a position to observe the claimant's symptoms and daily activities have been routinely accepted as competent evidence." *Morgan v. Barnhart*, 142 Fed. Appx., 716, 731 (4th Cir. 2005). "A disregard for such evidence violates the Commissioner's regulations about observations by nonmedical sources as to how an impairment affects a claimant's ability to work." *Id*. Critically, "when an ALJ fails to believe lay testimony about a claimant's allegations of pain or other symptoms, he should discuss the testimony specifically and make explicit credibility determinations." *Id*.

While the Court would not remand the case for this reason alone, the ALJ upon remand should expressly indicate whether he rejected the testimony of Mobley and, if so, why.

9

## **CONCLUSION AND RECOMMENDATION**

Based upon the foregoing, the Court cannot conclude that the ALJ' s decision to deny benefits was supported by substantial evidence. It is, therefore, RECOMMENDED, for the foregoing reasons, that the Commissioner's decision be reversed and remanded under sentence four of 42 U.S.C. § 405(g) to the Commissioner for further proceedings as set forth above. *See Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO RECOMMENDED.

                                             s/Bruce Howe Hendricks
                                             United States Magistrate Judge

May 29, 2008
Greenville, South Carolina